UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| WILLIE HENSLEY<br><br>　　　　　Complainant<br><br>– Versus –<br><br>YOLANDA DUPATY ZEIGLER<br><br>　　　　　Defendant | NUMBER:<br><br>SECTION:<br><br>JUDGE:<br><br>MAGISTRATE JUDGE: |

## COMPLAINT FOR BREACH OF CONTRACT

The Complaint for Breach of Contract of Willie Hensley respectfully represents:

### PARTIES

1.

a.　Complainant is Willie Hensley ("Plaintiff"), a person of the full age of majority, domiciled and residing in Fairfax Station, Virginia.

b.　Made Defendant herein is Yolanda Dupaty Zeigler ("Defendant") a person of the full age of majority, domiciled and residing in New Orleans, Louisiana.

### JURISDICTION AND VENUE

2.

This Court has diversity jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332, as it involves a Plaintiff with the citizenship of Virginia, and a Defendant with the citizenship of Louisiana, this state, and the amount in controversy exceeds $75,000.

Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of

the events or omissions giving rise to the claim occurred in the Eastern District of Louisiana, including the contract at issue in this case was to be performed in Orleans Parish. Venue is also proper in this district under 28 U.S.C. § 1391(b)(1) because Defendant resides in this district.

## FACTS

3.

Plaintiff is an individual who first met Defendant in/around 2013 through social and professional acquaintances.

4.

Defendant presented herself to Plaintiff as the owner of a number of franchises of Subway Restaurants in the Gulf South Region.

5.

Plaintiff expressed interest to Defendant in becoming a business partner with Defendant of a Subway Restaurant franchise which Defendant claimed would be opening in the Veterans Affairs Hospital (the "VA Hospital") in New Orleans.

6.

In 2014, Plaintiff and Defendant executed a Letter of Intent to become partners in the interest of the Subway Restaurant anticipated to be built in the VA Hospital which was at that time under construction.

7.

Plaintiff signed the Letter of Intent on October 13, 2014 and Defendant signed the Letter of Intent on November 28, 2014.

8.

Pursuant to the Letter of Intent, Plaintiff thereafter made four wire transfers to Defendant, totaling $93,750.00. Specifically, Plaintiff transferred to Defendant $35,000.00 on October 14, 2014; $18,000.00 on October 15, 2014; $29,000.00 on October 17, 2014; $5,000.00 on November 5, 2014 and $6,250.00 on December 24, 2014.

9.

The Subway Restaurant in the VA Hospital was never constructed or opened.

10.

Defendant has refused to return the sums that Plaintiff transferred to her for opening the Subway Restaurant in the VA Hospital, in spite of multiple written requests for same.

11.

On May 3, 2023, Plaintiff sent a demand letter to Defendant, demanding return of the sums transferred to her for a business which never opened. To date, Defendant has failed to respond.

## COUNT 1: BREACH OF CONTRACT

12.

Plaintiff incorporates into this cause of action all previous allegations as if stated herein *in extenso*.

13.

Plaintiff entered into a contract with Defendant to open a Subway franchise in the VA Hospital.

14.

Under the terms of that contract, Plaintiff was to receive an interest in the Subway franchise in the VA Hospital in exchange for making an investment with Defendant.

15.

Plaintiff made the investment to Defendant but Defendant failed to uphold her obligations set forth in the Letter of Intent, namely, to effectuate the opening of the Subway Restaurant in the VA Hospital.

16.

This failure by Defendant constitutes a breach of contract on the part of Defendant.

17.

This breach necessitates the return to Plaintiff of the monies transferred to Defendant by Plaintiff for the opening of the Subway Restaurant in the VA Hospital as Defendant.

**COUNT 2: CONVERSION**

18.

Plaintiff reasserts and realleges all of the foregoing paragraphs as if copied herein *in extenso*.

19.

By refusing to return Plaintiff's capital, Defendant has acted in derogation of Plaintiff's possessory rights, wrongfully assumed authority over it, and deprived him of permanent possession of his money.

**ALTERNATIVE COUNT 3: UNJUST ENRICHMENT**

20.

Plaintiff incorporates into this cause of action all previous allegations as if stated herein *in extenso*.

21.

In the alternative, Defendant was unjustly enriched, and Plaintiff was correspondingly impoverished, without justification, by Defendant's failure to return monies transferred to her for the opening of a Subway Restaurant which never was built.

## DAMAGES

Plaintiff's damages include but are not limited to:

a. The full amount listed on the wire transfers made by Plaintiff to Defendant for the opening of the Subway Restaurant in the VA Hospital, namely, $93,750.00;

b. Attorney's fees and costs associated with this proceeding; and

c. All available equitable relief.

## DEMAND FOR JURY TRIAL

Plaintiff avers that the amount in controversy exceeds the statutory requirement for a jury trial and demands a trial by jury on all issues.

**WHEREFORE**, Plaintiff Willie Hensley prays that his allegations be deemed good and sufficient, that this Complaint be assigned a cause number, section, and division, and that after all proceedings are had, the Court grant relief in his favor and against Defendant, Yolanda Dupaty Zeigler, for the contractual amounts owed, attorney's fees, judicial interest from the date of demand and for all other equitable relief to which he may be entitled.

Respectfully Submitted,

STERNBERG, NACCARI & WHITE, LLC


*/s/ Graham H. Williams*
**SCOTT L. STERNBERG**, La. Bar No. 33390
**GRAHAM H. WILLIAMS,** La. Bar No. 36731
**KATHERINE B. WELLS,** La. Bar No. 36077
935 Gravier Street, Suite 2020

New Orleans, Louisiana 70112
Telephone: 504.324.2141
Facsimile: 504.534.8961
scott@snw.law | graham@snw.law | katherine@snw.law
***Counsel for Plaintiff, Willie Hensley***