UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **WILLIE HENSLEY** | **CIVIL ACTION** |
| **VERSUS** | **No. 23-2066** |
| **YOLANDA DUPATY ZEIGLER** | **SECTION I** |

## ORDER & REASONS

Before the Court is plaintiff Willie Hensley's ("Hensley") motion[1] for default judgment against defendant Yolanda Dupaty Zeigler ("Zeigler"). Hensley requests that the Court enter judgment in his favor in the amount of $93,750 plus attorney's fees and interest. For the reasons that follow, the Court denies the motion for default judgment.

### I. BACKGROUND

This matter concerns claims for breach of contract, conversion, and unjust enrichment with respect to a failed business partnership to construct a Subway restaurant. Hensley alleges that Zeigler presented herself as the owner of a number of Subway restaurants.[2] Hensley states that he expressed interest in becoming business partners with Zeigler for a Subway restaurant that Ziegler claimed would be opening in the Veterans Affairs Hospital (the "VA Hospital") in New Orleans.[3] The parties allegedly executed a letter of intent.[4] Pursuant to this letter, Hensley alleges

---

[1] R. Doc. No. 11.
[2] R. Doc. No. 1, ¶ 4.
[3] *Id*. ¶ 5.
[4] *Id*. ¶ 6.

that he made four wire transfers to Zeigler totaling $93,750: $35,000.00 on October

14, 2014; $18,000.00 on October 15, 2014; $29,000.00 on October 17, 2014; $5,000.00

on November 5, 2014 and $6,250.00 on December 24, 2014.[5] Hensley further alleges

that the Subway restaurant was never constructed or opened.[6] Additionally, Hensley

asserts that Zeigler has refused to return his money, despite multiple requests to do

so.[7] On May 3, 2023, Hensley sent Zeigler a formal demand letter for the return of

his investment.[8] Zeigler has not responded to the demand letter.[9]

Hensley filed his complaint on June 14, 2023.[10] His complaint asserts causes

of action for breach of contract and conversion or, in the alternative, unjust

enrichment.[11] As stated, Hensley seeks $93,750 in damages, as well as attorney's fees

and costs.[12]

Zeigler was personally served via a process server on July 20, 2023.[13] Zeigler's

answer was due on August 10, 2023, but no answer or responsive pleading has been

filed. Upon motion by Hensley,[14] the Clerk of Court granted an entry of default on

August 15, 2023.[15] Hensley sent a copy of the entry of default to Zeigler via certified

---

[5] *Id.* ¶ 8.
[6] *Id.* ¶ 9.
[7] *Id.* ¶ 10.
[8] *Id.* ¶ 11.
[9] *Id.* ¶ 11.
[10] R. Doc. No. 1.
[11] *Id.* ¶¶ 12–21.
[12] *Id.* at 5.
[13] R. Doc. No. 3.
[14] R. Doc. No. 8.
[15] R. Doc. No. 9.

mail with no return received, and he unsuccessfully attempted to personally serve Zeigler with the entry of default.[16]

Hensley filed this motion for default judgment on November 9, 2023.[17] Zeigler received notification of the motion for default judgment by postal mail from the Clerk's office. The motion was set for submission on November 29, 2023. To date, Zeigler has not responded to the motion, and the deadline for doing so has passed.[18]

## II. STANDARD OF LAW

Pursuant to Federal Rule of Civil Procedure 55(b), the Court may enter a default judgment against a party when it fails to plead or otherwise respond to the plaintiff's complaint within the required period.

A plaintiff who seeks a default judgment against an unresponsive defendant must proceed with a two-step process. First, the plaintiff must petition the clerk for an entry of default, which is simply "a notation of the party's default on the clerk's record of the case." *Trahan v. PLC Fin., Inc.*, No. 18-859, 2018 WL 10758657, at *1 (E.D. La. Mar. 29, 2018) (Barbier, J.) (quoting *Dow Chem. Pac. Ltd. v. Rascator Mar. S.A.*, 782 F.2d 329, 335 (2d Cir. 1986)) (internal quotations omitted). Before the clerk may enter the default, the plaintiff must show "by affidavit or otherwise" that the defendant "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a).

After the clerk has entered a default, the plaintiff may move for a default judgment pursuant to Federal Rule of Civil Procedure 55(b). *Meyer v. Bayles*, 559 F.

---

[16] R. Doc. No. 11-4.
[17] R. Doc. No. 11.
[18] LR 7.5.

App'x 312, 313 (5th Cir. 2014). At this point, "the court must accept the well-pleaded factual allegations in the plaintiff's complaint." *Id.* (citing *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). At the same time, the court does not hold the defaulting defendant "to [have] admitt[ed] facts that are not well-pleaded or to [have] admitt[ed] conclusions of law." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496 (5th Cir. 2015) (internal quotations and citation omitted). The default judgment should not be entered unless the judgment is "'supported by well-pleaded allegations' and . . . ha[s] 'a sufficient basis in the pleadings.'" *Id.* at 498 (quoting *Nishimatsu*, 515 F.2d at 1206).

If the plaintiff's claim is for a sum certain and the defendant has not made an appearance in court, the clerk may enter a default judgment. Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2). No party is entitled to a default judgment as a matter of right. *Lewis v. Lynn*, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). "Generally, the entry of default judgment is committed to the discretion of the district judge." *Ameser v. Nordstrom, Inc.*, 442 F. App'x 967, 969 (5th Cir. 2011) (internal quotation marks and citation omitted).

The Court is entitled to consider several factors when determining whether to enter a default judgment, including "whether material issues of fact are at issue, whether there has been substantial prejudice, whether the grounds for default are clearly established, whether the default was caused by a good faith mistake or excusable neglect, the harshness of a default judgment, and whether the court would

think itself obliged to set aside the default on the defendant's motion." *Lindsey v. Prive Corp.*, 161 F.3d 886, 893 (5th Cir. 1998).

If the Court concludes that it is appropriate to enter a default judgment, it must then "fix the amount which the plaintiff is lawfully entitled to recover and give judgment accordingly." *M C Bank & Trust Co. v. Suard Barge Serv., Inc.*, No. 16-14311, 2017 WL 3991076, at *5 (E.D. La. Sept. 11, 2017) (Vance, J.) (quoting *Pope v. United States*, 323 U.S. 1, 12 (1944)). "In ruling on such a motion, the court may rely on detailed affidavits or documentary evidence to determine the appropriate sum for the default judgment." *Id.* (quoting *Int'l Painters & Allied Trades Indus. Pension Fund v. Brighton Painting Co.*, 267 F.R.D. 426, 428 (D.D.C. 2010)). With respect to damages, the Court cannot enter a default judgment without a hearing except "where the amount claimed is a liquidated sum or one capable of mathematical calculation." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993); *see Duncan v. Tangipahoa Par. Council*, No. 08-3840, 2009 WL 2514150, at *1 (E.D. La. Aug. 12, 2009) (Engelhardt, J.) (explaining that "[a] sum is certain when the amount claimed is a liquidated one or is one that is capable of mathematical calculation as, for example, an action on a promissory note").

### III. ANALYSIS

As noted previously, Hensley has satisfied the procedural requirement needed to obtain an entry of default. Accordingly, the Court considers whether Hensley has adequately alleged his claim for breach of contract, conversion, and unjust enrichment pursuant to Louisiana law.

"Under Louisiana law, the 'essential elements of a breach of contract claim are (1) the existence of a contract; (2) the party's breach thereof; and (3) resulting damages.'" *Aya Healthcare, Inc. v. Bliant Specialty Hosp., LLC*, No. CV 21-2182, 2022 WL 18585875, at *3 (E.D. La. Aug. 9, 2022) (Africk, J.) (quoting *Padian v. Algiers Charter Sch. Ass'n, Inc.*, 274 So. 3d 1266, 1268 (La. Ct. App. 2019)). The Court, taking Hensley's well-pleaded factual allegations as true, finds that plaintiff has not demonstrated that all elements necessary to prove a breach of contract have been met. Hensley has only alleged that he and Zeigler entered into a non-binding preliminary letter of intent pursuant to which Hensley would pay a sum of money to Zeigler in order to receive an interest in the Subway restaurant constructed in the VA Hospital.

"[W]hether a binding obligation existed upon the execution of the letter of intent . . . or only upon the execution of a later, more comprehensive document, depends upon the intentions of the parties." *Newport Ltd. v. Sears, Roebuck & Co.*, 6 F.3d 1058, 1066 (5th Cir. 1993). The letter of intent provides:

> Except for the paragraph entitled "Public Announcements and Confidentiality Agreement," the provisions in this Letter of Intent are for informational purposes only and are nonbinding on all Parties. The Prospective Transaction requires further negotiation and documentation, including preparing and executing a final agreement. This letter does not require either party to proceed to the completion of a binding final agreement. The parties shall not be contractually bound to the sale, purchase or transfer listed above unless and until they enter into a formal, written final agreement, which must be in form and content satisfactory to each party and to each party's legal counsel, in their sole discretion.[19]

---

[19] R. Doc. No. 11-3, at 5.

The parties' agreement expressly states that it is not binding until they execute a final agreement, and that no party is contractually bound by the letter. The agreement manifests the parties' intent not to bind themselves to the letter of intent. In fact, Hensley himself described the letter as a "non-binding. . .commitment" when he sought the return of his investment in 2016.[20] Therefore, there is not sufficient evidence that a contract existed between Hensley and Zeigler, and Hensley has not adequately alleged his claim for breach of contract.

As mentioned, Hensley also asserts a claim for conversion. "To prevail on a conversion claim under Louisiana law, plaintiffs need only prove that (1) they owned or had the right to possess some property; (2) defendants' misuse of the property was inconsistent with plaintiffs' right of ownership; and (3) the misuse constituted a wrongful taking." *Rahman v. Allstate Ins. Co.*, 644 F. Supp. 3d 231, 240 (E.D. La. 2022) (Barbier, J.). "[U]nder Louisiana law, '[a]lthough a party may have rightfully come into possession of another's goods, the subsequent refusal to surrender the goods to one who is entitled to them may constitute conversion.'" *Jones v. Admin'rs of Tulane Educ. Fund*, 51 F.4th 101, 119 (5th Cir. 2022).

Because the original agreement was not binding, Hensley had a right to the return of his investment when he withdrew. Zeigler's retention of his investment was inconsistent with Hensley's interests and constituted a wrongful taking. Accordingly, Hensley has asserted a claim for conversion. However, pursuant to Louisiana law, "conversion has a one year prescriptive period." *Richard v. Wal-Mart Stores, Inc.*, 559

---

[20] R. Doc. No. 11-3, at 24.

F.3d 341, 345 (5th Cir. 2009). Hensley communicated his intent to withdraw from the investment on April 15, 2016.[21] At that time, Zeigler no longer had a right to possess his funds. Accordingly, the prescriptive period precludes this cause of action.

Hensley's third claim is for unjust enrichment. Pursuant to Louisiana law, a claim for unjust enrichment is only allowed "when there is no other remedy at law." *Mayer Elec. Supply Co., Inc. v. Chester Elec., LLC*, No. CV 21-372, 2022 WL 3369989, at *6 (E.D. La. Aug. 16, 2022) (Brown, J.). "To find that [Hensley] . . . now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe . . . to recover under an enrichment theory." *See Dugas v. Thompson*, 71 So.3d 1059, 1068 (La.App. 4 Cir., 2011) (quoting *Jim Walter Homes, Inc. v. Jessen*, 732 So.2d 699, 706 (La.App. 3 Cir., 1999)). Accordingly, Hensley's motion for default judgment does not have a sufficient basis in the pleadings.

## IV. CONCLUSION

Having considered Hensley's motion and accompanying exhibits, as well as the applicable law, the Court finds that Hensley is not entitled to a default judgment. Accordingly,

**IT IS ORDERED** that the motion for default judgment is **DENIED.**

---

[21] R. Doc. No. 11-3, at 22.

9

New Orleans, Louisiana, December 14, 2023.

**LANCE M. AFRICK**
**UNITED STATES DISTRICT JUDGE**